IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNELLY J. LEBLANC,<br><br>               Petitioner,<br><br>   v.<br><br>JOHN WETZEL et al.,<br><br>               Respondents. | CIVIL ACTION<br>NO. 14-5783 |

## ORDER

**AND NOW**, this 13th day of November 2015, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (Doc. No. 23), Petitioner's Objection to the Report and Recommendation (Doc. No. 24), Petitioner's Motion to Append Ex-Post-Facto Information and Evidence (Doc. No. 28), and Petitioner's Second Motion to Append Ex-Post-Facto Facts and Information (Doc. No. 29), it is **ORDERED** as follows:

1.    The Report and Recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**;

2.    The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED WITHOUT PREJUDICE** to its refiling in the event that the claims raised herein are properly exhausted;[1]

---

[1] Magistrate Judge Hart recommended that the Petition be denied without prejudice because Petitioner had failed to exhaust the claims raised in his Habeas Petition in state court.

Petitioner objects to the findings of the Magistrate on six grounds, all of which either protest the procedural course Petitioner is required to follow or are otherwise premature. The objections are as follows:

1

1. Your petitioner first objects to the court's failure to review his petition especially on his Ground Two where petitioner clearly made claims of "Wrongful Conviction," "Innocent Person" and incorporated his remaining Grounds into Ground Two as proofs.

2. Your Petitioner objects to the Report's mischaracterization of each Ground relied on for relief and failure to consider his timely filed Amendment on December 20, 2014, which further clarified and amplified references to the record of where the violations could be found.

3. Your Petitioner objects that the Report ignores the lower court's failure to provide a means to adequately address these claims of "Inordinate Delay" as the first PCRA was duly filed July 13, 2011 and lingered for nearly 3 ½ years in Lancaster County. And likewise ignores that appointed counsel had to be "forced" to file the Nunc Pro Tunc appeal by Order of Judge Eby Nov. 20, 2014 and "threw" 5 of the 8 meritorious claims in the First Amended PCRA filed by first appointed Counsel, V. Quinn. Consequently, your Petitioner has a "scattered" state petition due to a direct conflict of interest in second counsel's refusal to file and in his Second Amended PCRA which was also declined by the court, which now is languishing on the state docket for time unknown.

4. Petitioner objects that the Report ignores facts and documentation that proves conclusively that the Commonwealth and its agents factually engaged in criminal conduct and violation of the Constitution to obtain and continue the conviction and incarceration of an innocent person, and proofs that none of the state appointed counsels will raise these claims on petitioner's behalf, thus forever barring him from appellate review.

5. As the Report recognizes, that the "Commonwealth's position is not clear," it is because of the actual fact that since July 13, 2011 when Petitioner filed his pro se PCRA, the dilatory tactics of the court, Commonwealth, and counsel's [sic] have so thoroughly skewed the records, it would take assignment of a federal clerk or attorney to clarify the record.

6. Your Petitioner objects that he will be forced to numerous more year [sic] of state collateral litigation to raise meritorious claims that prove the Commonwealth's engaging in criminal conduct to imprison an innocent person—that it is truly unfair conduct of a federal court sworn to stop such practices.

(Doc. No. 24 at 1-3.)

On October 9, 2014, Petitioner filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 13, 2014, this Court referred the Petition to Magistrate Judge Jacob P. Hart (Doc. No. 7), who issued a Report and Recommendation

    3.    A certificate of appealability **SHALL NOT** issue because Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would debate the correctness of this ruling.  See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000);

---

on April 28, 2015 (Doc. No. 3) recommending that Petitioner's claims be denied without prejudice to allow Petitioner the opportunity to exhaust his state court remedies.

At the time Magistrate Judge Hart wrote his Report and Recommendation, an appeal of the Post Conviction Relief Act ("PCRA") decision was still pending before the Superior Court of Pennsylvania. (Doc. No. 23 at 3.) On May 5, 2015, Petitioner filed Objections to the Report and Recommendation. (Doc. No. 24.) Petitioner later filed two Motions with this Court: a Motion to Append Ex-Post-Facto Information and Evidence on September 8, 2015, and a Second Motion to Append Ex-Post-Facto Facts and Information on September 21, 2015. (Doc Nos. 28, 29.) The first Motion objects to the Commonwealth's PCRA briefs, and the second Motion is in response to an opinion by the Superior Court of Pennsylvania affirming the PCRA court's denial of relief. (Id.) In the second Motion, Petitioner objects to various findings by the Superior Court. (Doc. No. 29.) The Superior Court Opinion was filed September 2, 2015. (Doc. No. 29 at 9.)

In the Report and Recommendation, Magistrate Judge Hart concluded that Petitioner had failed to exhaust his claims in state court, and therefore his Petition should be denied without prejudice. (Doc. No. 23 at 4) ("None of the claims raised in the present petition for habeas corpus relief were presented to the Pennsylvania courts, either in Le Blanc's direct appeal or PCRA petition. As a result, they are unexhausted claims which cannot be considered here.") Under 28 U.S.C. § 2254, a petitioner must exhaust available state court remedies before a district court may review his claims. See Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997) ("28 U.S.C. § 2254 imposes a duty on the courts to examine the exhaustion issue and to reject a petition if it raises unexhausted claims."). This exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." Hankins v. Fulcomer, 942 F.2d 246, 249 (3d Cir. 1991). Thus, a petitioner "must afford the state system 'the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief.'" Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (quoting Zicarelli v. Gray, 543 F.2d 466, 472 (3d Cir. 1976)).

Because the claims raised in Petitioner's Habeas Petition remain unexhausted, this Court will adopt Magistrate Judge Hart's Report and Recommendation and deny the Petition as unexhausted without prejudice to its refiling in the event that Petitioner's claims are exhausted in the future.

4. Any outstanding motions are **DENIED AS MOOT**; and

5. The Clerk of Court shall close this case for statistical purposes.

BY THE COURT:

/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.